Cases No. 06-1582 Foremost in Packaging systems v. Cold Chain Technologies, Mr. Brooks. Good afternoon, Your Honor. The appellant is here today because the district court made a clear error in construing claim terminology in the 302 patent. After seemingly construing a particular term at issue from Claims 9-13 and also Claim 20-2, in a manner that the appellants put forward, during application of that claim term in determining whether there was infringement by the GTS device, the court reinserted a limitation which it said in the claim construction did not belong. If we look to the claim term in particular that we're talking about with Claims 9 and 13, it is the insulated block being adapted to slightly engage the coolant cavity, thereby the coolant and insulated block together substantially filling the coolant cavity. And as I understand your argument is, that limitation is satisfied if the cover merely closes the cavity and doesn't enter into it, is that right? It has to, in the words of the court, it has to come into contact with the cavity by a sliding motion. And yes, Your Honor, that would mean it would contact, in this case, the top of the cavity. The cavity in this case has- See, what I'm troubled by is that under that analysis, how the coolant and the insulated block together substantially fill the coolant cavity. It seems to me under your interpretation of the claim, the coolant itself would have to substantially fill the coolant cavity since the block, the cover, isn't getting into the cavity. Well, in this case, Your Honor, the coolant pack extends above the top of the cavity, so in fact it takes the insulated block, which extends down from the top cover, to interact with that package and force the package down into the coolant cavity, thereby substantially filling. In that regard, I would direct Your Honor to the specification of the patent, which indicates that in fact, the packaging is part of what is considered the coolant here. It's not just what's inside the packaging, the packaging itself. If we turn to Column 4, at approximately line 38, the references to the inner surfaces of the coolant cavities having a shape adapted to receive a conventional coolant product, they don't actually illustrate here, but they describe, such as packaged ice, gel packs, or other containers of frozen fluid. So the coolant is not just what's inside the package, the coolant in this instance is the package itself. That's conventional. And where does the spec tell us that you're saying in all instances, the package extends beyond, the wrapper of the package extends beyond the coolant cavity? Is that what you just said to Judge Friedman? No, yeah. Judge Friedman asked how it would be that if the top, I should say the bottom surface of the extending insulating block doesn't reach down inside the cavity, that the top, with the insulating block, would act together with the coolant. And so the only way your claim term can mean anything is if we're only talking about coolant fillers that extend beyond the top, right? I mean that's how you, the only, I thought you were trying to reconcile for Judge Friedman how we could possibly satisfy this definition of together, substantially filling. And your answer is? That would be one way, the claim doesn't limit, of course the preferred embodiment has extensions of the insulating block that go down inside, physically down inside and invade the space of the cavity. That don't extend up? That don't extend beyond the cavity? That could be the case, and in fact... Well how does that then satisfy the claim limitation of the together substantially filling the cavity? Because in that instance the extension from the insulating block at the top of the cover reaches down inside the cavity and it does the same thing, it abuts the top of the coolant pack and together the extension down inside the cavity plus the coolant pack fill the cavity. But the claim is not limited to requiring that there be an extension slipping down inside the cavity. But it is limited that they together substantially fill the cooling cavity. Yes your honor, they must together substantially fill the cavity, that's true. And it's our position that the interaction of a block which does extend down from the cover and reaches the top of the coolant cavity where the dimensions of the cavity have been designed such that the coolant pack sticks up above the top of the cavity is going to interact with the coolant and push that coolant pack down inside the cavity and thereby substantially fill the cavity. In fact that's really what happened with the... But how does that happen if it doesn't extend up? Then how can it satisfy that limitation? That's what I'm having a problem with. You're saying yes, it can satisfy that because it can extend upward. What if it doesn't? If it doesn't, I'm not sure I'm following your honor, if the coolant pack doesn't extend up high enough, then there's going to have to be some sort of an extension that comes down to interact with the top of the coolant pack such that the top of the coolant pack abuts, which is what the patent says it must do, abuts the insulating block. And in that instance things will be filled out as well. The problem here is that these, well the issue I should say, not the problem, the issue is that these containers are designed according to industry standards and people have dimensions figured out that will hold coolant packs designed and sized to fit into the container or the coolant cavity. What actually happened here in the infringing device is a good example of what can be done. The bottom of that cavity in the infringing device was raised. The GTS coolant cavities have raised bottoms. And so the coolant packs in that instance were pushed up so they extend across the top of the cavity and they used an insulating block that came down without any extensions, they didn't need those extensions, to reach down inside the cavity so that the coolant block itself abutted the insulating block. That's because the bottom of the coolant cavity pushed the coolant pack up. So in either instance you have an interaction between the insulating block that's coming down from the cover of the container and the coolant pack inside the coolant cavity. But since the infringing device doesn't go into, doesn't, the blocks in the infringing device do not insert into the coolant cavity, correct? That's correct. So under what I think we said before, the only way you could infringe, even on your theory, is if what's inserted into the coolant cavity extends up, because that's the only way they can satisfy that limitation. That's correct. And if you design your cavity... So how do we know that somebody can be infringing depending on the size of the coolant pack? It depends on the size of the coolant packs that have been designed to fit with the product, the cavity, exactly, Your Honor. You could take the preferred embodiment of this disclosure, with extenders coming down from the insulating block and fitting down inside the coolant pack, and if you make miniature little coolant packs that fit way down at the bottom, you wouldn't have any interaction between those kind of blocks and the coolant, so as to substantially fill the coolant cavity either. But that wouldn't mean that you're not infringing this patent. That would simply mean that somebody designed the coolant packs in such a way as to not match with the size of the coolant chamber, and that's just not the way it's done. The way it's done is that the coolant packs are dimensioned to fit into the cavities, and in this instance, as the patentee taught, you want to make sure that the insulating block that comes down off the cover abuts the top of the coolant pack. That's what the patent teaches you expressly. And in that instance, when the two touch together, you have that configuration that you do infringe. How do you say that that's what the patent teaches you, that it's abuts? You're assuming that slightly engaged means nothing beyond abuts, right? You're assuming that's the definition of slightly engaged. Well, the definition that the court originally gave, the district court below, Your Honor, was that to engage means come into contact with or interlock with, and we're not looking at the interlock portion here. It was an or phrase, not an and phrase. Come into contact or interlock with by way of a sliding motion. And in this case, you are certainly coming into contact with the top of the coolant cavity. The bottom surface of the insulating block extends down from the cover and literally touches the plane of the coolant cavity at the very top. That's as much of the surface of the coolant cavity as the side walls or the bottom is. And in that instance, that is a contact. And in fact, when the district court, Your Honor, originally construed this term, the claim construction put forward by the appellee here, Colcheng, was to indicate that the block had to have an extension which actually fit down inside or was inserted into the cavity. And the judge said, and I quote what the judge said. Excuse me, Your Honor, I have the definition here. It's on page A532 and 533. However, in Weyer-Kuhler states, and this is from A533 of the record, and the court agrees that Colcheng's proposed construction attempts to improperly limit the claims to one of the patent's preferred embodiments where insulated coolant blocks extending from the cover are inserted into the coolant cavities. That's an improper limitation imported from the preferred embodiment. And from there on out, the district court rejected that notion and simply said in light of the claim language and the court's construction of the term engage, the court interprets the term slightly engage to mean, quote, come into contact. That's the interpretation we're looking at here. Or interlock with by sliding motion. And just to cement this. So what's a sliding motion? I mean you're suggesting that sliding motion requires nothing more than a budding. And sliding motion has some meaning, correct? Well, true, but in order for this insulating block extending down from the cover to reach the top of the cavity, the cover has to be slid in, and the insulating block translates by slideable fashion down into and on top of the cavity. I might add. What did you say? It slides down into and on top of? It slides down into the shipping container and ends up. Into the cavity? No, ends up sliding into the container. That's a sliding motion. Slides into the container, into the ridge around the top, and at that point it ends up being in contact with, a budding, if you will, but being in contact with, to use the court's claim construction from down below, in contact with the top of the coolant cavity. And in this regard, I would refer the court to column five of the patent, approximately at about line four through about line six. And here there's a description of the preferred embodiment, which specifically starts out with, preferably the outer surfaces, 44 of the blocks, 42, slidably engage the inner surfaces, 26 of the coolant cavities, 24, substantially exceeding the cavities, 24, et cetera. That is an indication that this notion that the court ended up applying to the claim term, namely that the walls of the sides of the insulating block had to actually fit down inside and rub against or be inserted into. And you're suggesting that was too limited because it was preceded by the word preferably. I'm submitting that that is a preferred embodiment, Your Honor. Well, the concern I have is at least the portion you just read, it recites the language of the claims. So if the language of the claims is slidably engage the coolant cavity, just because the spec says preferably slidably engage, are we going to say the claim language, which says the exact same thing, isn't limited in that regard? No, Your Honor, because that's not what the claim language says. The claim language actually says slidably engage the cavity, not slidably engage the inner surfaces of the coolant cavities. And so I would put to you if the claim had said slidably engage the inner surfaces of the coolant cavities, we might not be here appealing this matter. But that's not what the claim says. The claim leaves those critical words out. Those are critical words that the court put in. So with that in mind, Your Honor, we believe that the proper way that this claim should be construed is as the court originally read the words, simply to have the insulated block come into contact with the cavity, the coolant cavity. The top of the coolant cavity is certainly a part of the coolant cavity. The insulated block comes into contact with that top. It interacts with the coolant inside. In this instance, the packaging of the coolant, which is part of the coolant as the claim, or as I should say the specification defines, together collapsing the top of that coolant pack into the cavity, substantially filling the remaining airspace. And when that approach is applied to the accused device, it is clear there is infringement. I want to ask you one question, really not related to this. As I understand, you have pending another appeal now before this court. We do, Your Honor. What, two? Yes, sir. Do they involve the identical claims in the same claim language as this case, or do they involve different? I know they involve different devices made by the other side. Do they involve just basically these claims, or are there other claims? There are other claims. Some of the terminology is the same, but the notion of what it means to fill airspaces, or use the word substantially, is in dispute in there. I believe Mark Claim 9 is? Claim 1 and 9 and 20. Claim 1 and 9 and 20 are also involved in that appeal, Your Honor. All right, let's hear from the other side, and we'll save you a little time to read by the rest of the groups. Good afternoon. Edward Schwartz on behalf of Colgene. I'd like to talk about the two parts, claim construction and infringement. What the judge did at the district court level was not import limitations from the preferred embodiment to the claim. What he did was he looked at the specification to see what the claim meant. The specification says that the cover for the cavity has three functions. It can seal the cavity. It can secure the product in the cavity. Both of those don't matter for the claims we're talking about. But the third thing that it can do is it can help fill up the airspaces within the coolant cavity. Now, what they're referring to as a preferred embodiment, yes, sometimes they say preferred, but this court has said just saying it's preferred doesn't mean that you've disclosed anything broader than that. To determine what they've disclosed in this patent with regard to how the cover fills up the cavity, I'd like to refer you to the only three references, there are only three in the patent, on how the cover fills the space. The first is at A36. It's column 2, line 34. It says, preferably, the cover includes insulated blocks extending from the cover that slide into and substantially fill any remaining space in the cavities when the cover is placed on the open edge. The second place, there are only three. I'm just coming down, just looking at the patent, at the patent itself, under the caption that says detailed description of the preferred embodiments, it begins by saying, turning now to the drawings, figures 1 to 5 show a first preferred embodiment. So it seems to me the patent has done more than just saying preferably, it has said that figure 1 and figure 2 would show you how the thing works, is the first preferred embodiment. There are two preferred embodiments shown here with different figures. Both of them show the same structure with regard to filling the cooling cavities. It shows prongs, extensions, that go down into the cavities. What I'm saying is that the figures and the specification uniformly only disclose one way that the cover helps fill up the space in the cooling cavity by having projections that go into the cooling cavity. This isn't a preferred embodiment where their specification shows broader other embodiments. This is the only embodiment that this patent teaches. It seems to me that really you are making an argument that this is really a function, that the claim language minimizing air spaces within cavities is really the function. And so if you're looking for corresponding structure in the spec, the only corresponding structure you find is the one you've referred to. But you didn't make that argument in your brief, really. No, this was not in the brief. But this court has said that we can raise new arguments so long as it wouldn't modify what the lower court said. What the lower court was correct in its evaluations. What it said was the only way that the cover could minimize air space within the cooling cavity is if it invades the cooling cavity. We, of course, said this is claim construction. We're not on the infringement issue. If you look at the way this patent defines how to do this, there's only one disclosure. In order, you know, the claims are part of the specification. There has to be support in the specification for what they're claiming should be. The proper interpretation for these provisions. And the spec only teaches one way, one embodiment of this. You can call it a preferred, but it's the only one. And they keep saying it time and time, three times. The second time is at page 37, it's column three. The blocks have, it doesn't say preferably have, it says column three, line five. The blocks have a shape and location on the cover allowing them to be inserted into the cooling cavities when the cover is placed over the open end of the insulated body. It doesn't say preferably there. The next sentence starts preferably, but it says it hasn't. They say there are only two embodiments in the figures. The figures don't show the projections, the blocks going down into the cavities. The third reference starts on A37, goes over to A38. It's the bottom of column four. And this leads into what they were saying before, where he was reading from column five. At the bottom of column four it says, The cover 40 also includes four insulated blocks or prongs extending from and integrally molded. Then it says, The blocks 42 correspond to respective cooling cavities and have, not preferably, and have a shape and location on the cover allowing them to be inserted into the cooling cavities when the cover 40 is placed over the open end of the body. That's the only disclosure in this patent. That's how you limit the space, how the cover limits the space in the cooling cavities. There's no support in the spec for any other construction of the claim. It's limited to that. But then reading on, the section that Appellant's counsel read, Preferably the outer surfaces of the blocks slightly engage the inner surfaces of the cooling cavities, substantially sealing the cavities. We don't care about sealing. That's not in the parts of the claims. What this court said in Phillips is, Claimed inventions can have more than one function, but not every claim has to be read to include all of the functions. The claims that we're talking about don't talk about sealing, not the provisions we're talking about. But if the coolant fills the entire cavity, then you really don't need the insertion into the cooling cavity. Right. You wouldn't need it to have it function, but that embodiment wouldn't meet these claims. It'll meet the very later claims that don't require this, that don't have this language. But Claim 9 says the coolant and the coolant block together substantially fill. If the coolant itself fills it, well, yeah, it'll fill it, but that won't meet the requirements of Claims 9 and 13 that require both the coolant and the coolant block together. Are you saying those later claims aren't at issue? That's correct. Those later claims are not at issue, such as Claim 25. 25 doesn't have that requirement. Those aren't an issue in this case. It would also, Claim 22, if you had the pot and the coolant fill the entire cavity and you just had the cover over the top, it wouldn't meet the requirement of Claim 22 that the cover has a configuration for minimizing air spaces. The flat cover over the top wouldn't do anything for minimizing air spaces within the cavities. You'd have the coolant fill the cavity. And that's what's happening in the section that he read to you. It said specifically that, this is on Column 5, the blocks have a predetermined height whereby the blocks substantially engage or butt the top of the coolant placed in the cavities, thereby holding the coolant in place during shipping. The holding securing isn't an issue. That's a different function. That's not an issue in these claims. And then it says, substantializing, minimizing any air space. Then the example here. For example, this was half of their reply group. For example, the coolant may extend from the bottom of the cavity to the top thereof and engage surface 45 of the block with the covers on the bottom. That's true. The coolant can fill the whole cavity, but that doesn't meet the requirements of these claims which require the cover to either work with the coolant to fill the cavity or, in the case of 22, it's the cover alone having a configuration for filling the cavity. There's nothing, there's no wording, there's no wording that says in the claim that it's required to go into the cavity. But the specification only supports that. By implication, that's the only support there is for that meaning of the claim, that the only way the cover could limit the air space within the cavity is if it intrudes in there. I would refer to the point... Unless the coolant is filling the cavity. Yeah, the coolant could do it, but then the cover wouldn't have any part in filling the cavity. These claims require them, in the case of 9 and 13, for both the coolant and the cover together. The claim says together to fill the cavity. The other claim, 22, doesn't mention the coolant. It doesn't matter the size of the coolant in 22. It's the cover alone has to be configured to help... 9 and 13, and indeed it seems to me perhaps stronger than you have suggested, 9 and 13 doesn't say that the cover has to fill it. It says the insulated coolant and the insulated block together substantially filling the coolant cavity. And then it says above that, the insulated cover including an insulated block. Right, it's got to meet the block. It's not enough that the cover would substantially fill it. It means it requires both the insulated block and the coolant together filling the coolant cavity. Right, the insulated block is part of the cover. It's the underside of the cover. But is the insulated block... But it says no, it says including an insulated block extending therefrom. Doesn't that mean the things that come down on the side? In the patent, that is exactly what it means. You're right. What's disclosed in the patent as it is shown in their figures, that's exactly what it is. You have a cover and these blocks extend it. And that is what I'm saying. That's the only thing that's shown in this patent. I only have three and a half minutes left. I'd like to get to the infringement issue if possible. Okay. With regard to claims 9 and 13, obviously it doesn't... If the claim is interpreted as requiring a block that goes into the cavities, plainly we don't have that. Well, you have the central block. That's into the product cavity but not the coolant cavities. Unless there's a center product cavity, nothing we talk about today has to do with the product cavity. It has to do with the coolant cavities which are around the peripheral. The insulated block refers to the product cavity. No. No, the insulated block that we're talking about, there's a cover. And then coming down from the cover is an insulated block. In my client's product, it's a flat surface which doesn't go down far enough to even contact the top surface. In theirs, in the patent, you've got the cover surface and you have blocks extending downward that go into the coolant cavity. We don't have those extensions. We do have two surfaces there. One is the top surface which rests on the outside of the periphery of the container and then there's another surface that comes down further that fills up space above the cavities. As shown in the pictures which are depicted in our brief and in the specimen that you can look at that was lodged with the court and you can see it because the cover is cut in half so you can take half off. The cover with the second section which is the insulated block doesn't touch the top of the coolant cavity. Even if you say it doesn't have to extend within we still don't infringe because it's intentionally shorter than would be required to come down and rest on the coolant cavity. There's an air space in there. Take a look in the photos that are in our brief take a look at the specimen we lodged. That was before the district court and he looked at it and he said in his opinion I looked at it and there's a space there. They don't contact each other. So it doesn't matter if it invades or not it doesn't, our insulated block doesn't engage the coolant cavity because it doesn't contact it. With regard to the all elements rule on the doctrinal equivalence what this court has said is that you can't, and doing the doctrinal equivalence you can't interpret a claim so broadly as to eliminate terms. What they want to do is eliminate in claims 9 and 13 that they work together the coolant and the cover together fill the cavity and with regard to the top surface that would be sufficient that would eliminate the term at the very least the word within the cavity would be eliminated. You can't do that. And with regard to their argument that well you have a coolant in there the cavities are 9 and a half inches as they say in their brief and the coolant is 9 but you can pull the packaging up and it will extend further. I submit that that isn't performing the function it's not equivalent in the analysis under the doctrinal equivalence. It's not the same as the patent where you have projections that go down into the cavities part integral to the top going down into the cavities to minimize the air space is not the same as saying well you're cooling in packaging the foil goes up and if the cover happens to cool in cavity it will minimize air space. That's not the equivalent. Thank you. Thank you Mr. Schwartz. Mr. Brooks we've got all the time. I would just very briefly like to address Mr. Schwartz's comments that in the actual GT container the extending block from the cover does not touch the cooling cavity. That's a hotly, hotly contested factual dispute. We believe the actual samples of the container that were shown to the court and maybe lodged with your honors constitutes a manufacturing reject or some kind of a containment problem because that container does not match the specifications put forward by cold chain in its own manufacturing drawings. So there's no way that this product doesn't have doesn't extend into the cooling cavity correct? That's true. It does not have the blocks which go down inside the cavity. What this argument rides on your honors is whether contact with the cavity working in conjunction with the coolant is sufficient or whether as the district court decided down below we think erroneously there has to be an extension beyond the insulated block that goes down inside the cavity and I think in the words of the district court invades the cavity space. That's what the issue is before your honors. In that regard I'd like to refer you back to the specification one more time. We all know that a specification or that a patent is broader than just simply the drawings that are put into it. And in this instance there's a portion of the specification starting at column 5 lines 12 through 15 which gives an example, starts out with a sentence for example the coolant may extend from the bottom of the cavity, 24 to the top thereof and engage surface 45 of the block 42 when the cover is on the body 12. Block 42 being the insulated block sticking down. On the preferred embodiment that does invade the cavity space but the point is that the specification here tells you that the coolant can extend from the bottom of the cavity to the top thereof. Not towards the top but to the top. And we submit that one of ordinary scummy art will understand reading this that there's an alternative way to do this and that is to put the coolant all the way up to the top, raise the floor at the bottom of the cavity so that you meet the dimensional requirements of coolant packs as GTS has done. And when the insulated block that does extend down from the cover of the GTS shipping container reaches and interacts with the top of that coolant block, pushes it down inside the cavity, the coolant cavity as the cover is being slid down onto and the coolant the insulated block is sliding past the features which hold it on the body of the container. When all that happens, you wind up with a space which has absolutely been minimized. You wind up with a space wherein the coolant together with the top, which has come into contact with the coolant cavity, has minimized that air space. We put, to your honors, that at a minimum. That leaves open a very intense inquiry into whether the doctrine of equivalence has been satisfied here, and whether in fact, taking the block in effect from the top of the extension on the cover and putting it to the bottom, raising that platform up, getting a coolant cavity which now sticks above the top so that it's crushed down in by the insulating block, fills that cavity. Thank you, your honors. Thank you, Mr. Brooks. Mr. Schwartz, case is taken under submission. All rise. Thank you. The Honorable Court is now adjourned until tomorrow morning at 10 AM.